# Fish & Richardson p.c.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA ELECTRONIC FILING**

March 3, 2005

The Honorable Joseph J. Farnan, Jr.
U.S. District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re:   The 3M Company, et al. v. Boss Auto Import, S.A., et al.
      USDC-D. Del. - C.A. No. 04-1471-JJF

Dear Judge Farnan:

We write on behalf of plaintiffs in response to counsel for the Intertape defendants' letter dated February 24, 2005 (D.I. 72) and to request oral argument on the Motions for Mandatory Stay of Proceedings Pursuant to 28 U.S.C. § 1659(a) Submitted by Defendants EMM International B.V.; Intertape Polymer Group, Inc. and Intertape Inc.; and Saint-Gobain Abrasifs and Saint-Gobain Abrasives, Inc.[1] (D.I. 45, 49 and 51). As set forth below, Intertape and plaintiffs have also requested oral argument on the motion to dismiss filed by Intertape Polymer Group, Inc. (D.I. 40). We believe these matters could be most efficiently heard in conjunction with the case scheduling conference. Accordingly, plaintiffs respectfully request that the Court schedule a conference pursuant to Fed. R. Civ. P.16(b) and entertain oral argument on the pending motions at that time.

At the outset, we will refrain from comment about the pending motion to dismiss filed by Intertape Polymer Group, Inc. except to say that the papers filed by plaintiffs detail the reasons why personal jurisdiction is appropriate over Intertape Polymer Group, Inc. in this case, or, at a minimum, why jurisdictional discovery should be permitted. We have requested oral argument on that motion, as has Intertape, and we see no need for a "tit for tat" exchange of letters in this regard.

With respect to the motion to stay, however, Intertape's proposal to apply the stay to all defendants ignores the fact that the action pending at the ITC against Intertape does not involve the '092 patent, which is involved in the action against EMM Int'l pending in this Court. That patent will not be litigated against EMM Int'l at the ITC. Indeed, since the filing of Plaintiffs' answering brief in response to the motion to stay, Administrative Law Judge Charles E. Bullock issued an initial determination granting the motion to terminate the ITC investigation against EMM International. A copy of

---

[1] Plaintiffs and the St. Gobain defendants have settled this action in principle and will file final documents ending this litigation as to them early next week.

FISH & RICHARDSON P.C.

The Honorable Joseph J. Farnan, Jr.
March 3, 2005
Page 2

this order is submitted with this letter. And while 28 U.S.C. § 1659(a) does provide for a mandatory stay, a stay request is only valid where a defendant remains a respondent in an ongoing ITC proceeding.[2]

Respectfully,

William J. Marsden, Jr.

WJM/jrm

Enclosure

cc:   Clerk of Court (via electronic filing)
      John W. Shaw, Esq. (via electronic filing)
      David E. Wilks, Esq. (via electronic filing)
      Kevin Baird, Esq. (via electronic filing)

60279887.doc

---

[2] In this regard, we do not understand the comment in EMM Int'l's Reply brief that plaintiffs had somehow acknowledged that they had no right to respond to EMM Int'l's request. Plaintiffs made no such acknowledgement at any time.

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN FOAM MASKING TAPE** | Inv. No. 337-TA-528 |

### ORDER NO. 11: INITIAL DETERMINATION GRANTING JOINT MOTION TO TERMINATE INVESTIGATION AS TO RESPONDENT E.M.M. INTERNATIONAL B.V. BASED ON CONSENT ORDER

(March 1, 2005)

On February 4, 2005, Complainants 3M Company, 3M Innovative Properties Company and Jean Silvestre (collectively "3M") and Respondent E.M.M. International B.V. ("EMM International") filed a joint motion [528-010] to terminate the investigation as to EMM International based upon a consent order. On February 16, 2005, the Commission Investigative Staff ("Staff") filed a response in support of the motion.

In accordance with Commission Rule 210.21(c), the parties entered into a "Consent Order Stipulation" and a proposed "Consent Order," both attached hereto. Commission Rule 210.21(c)(3) sets forth certain requirements for the contents of a consent order stipulation.[1] The Consent Order Stipulation submitted by 3M and EMM International complies with the requirements of Commission Rule 210.21(c)(3). *See* Staff's Response at 6.

Specifically, EMM International agrees that upon entry of the consent order, EMM International shall not sell for importation, import into the United States, or sell in the United States after importation, or knowingly aid, abet, encourage, participate in, or induce the sale for importation, importation into the United States, or sale in the United States after importation, of

---

[1] 19 C.F.R. § 210.21(c)(3).

foam masking tape that is the subject of this Investigation or that infringes claims 1-4, 7-10, 13, 16-21 and/or 23-24 of U.S. Patent No. 4,996,092, or induces and/or contributes to the infringement of claims 1, 3, 4, 6-8, 10, 11, 13, 14 and/or 16 of U.S. Patent No. 5,260,097, including but not limited to EMM International's existing U.S. inventory, except under consent or license from 3M. *See* Proposed Consent Order at ¶ 1. In addition, EMM International agrees, pursuant to Commission Rule 210.21(c)(3)(i)(A), to:

(1) an admission of the Commission's *in rem* jurisdiction over the subject matter and *in personam* jurisdiction over EMM International in this investigation (*see* Consent Order Stipulation, ¶ 1),

(2) an express waiver by EMM International of all rights to seek judicial review or otherwise challenge or contest the validity of the consent order (*see* Consent Order Stipulation, ¶ 2; Proposed Consent Order at ¶ 3),

(3) EMM International's representation that it will cooperate with and will not seek to impede by litigation or other means the Commission's efforts to gather information under subpart I of part 210 of Title 19 of the Code of Federal Regulations (*see* Consent Order Stipulation, ¶ 3; Proposed Consent Order at ¶ 4), and

(4) that the enforcement, modification, and revocation of the consent order will be carried out pursuant to subpart I of part 210 of Title 19 of the Code of Federal Regulations, incorporating by reference the Commission's Rules of Practice and Procedure (*see* Consent Order Stipulation, ¶ 4; Proposed Consent Order at ¶ 10).

Because this is an intellectual property-based investigation, the consent order stipulation also contains a statement, pursuant to Commission Rule 210.21(c)(3)(i)(B), that:

(1) the consent order shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by the Commission or a court or agency of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable (*see* Consent Order Stipulation, ¶ 5; Proposed Consent Order at ¶¶ 6-7), and

(2) a representation by EMM International that it will not seek to challenge the validity of U.S. Patent Nos. 4,996,092 and 5,260,097, the patents-at-issue in this investigation, in any

administrative or judicial proceeding to enforce the consent order (*see* Consent Order Stipulation, ¶ 6; Proposed Consent Order at ¶ 5).

In addition to the provisions required by Commission Rule 210.21(c)(3), the Consent Order Stipulation contains additional provisions, including a statement that the signing of the Consent Order Stipulation by EMM International is for settlement purposes only and does not constitute an admission by EMM International that an unfair act has been committed. *See* Consent Order Stipulation, ¶ 7; Proposed Consent Order, ¶ 9. Commission Rule 210.21(c)(3)(i)(C) specifically provides that a consent order stipulation may contain a statement that it is for settlement purposes and does not constitute an admission that an unfair act has been committed. Therefore the additional terms in the Consent Order Stipulation are permissible.

Commission Rule 210.50(b)(2) provides that in the case of a proposed termination by settlement agreement or consent order, the parties may file statements regarding the impact of the proposed termination on the public interest, and the administrative law judge may hear argument, although no discovery may be compelled, with respect to issues relating solely to the public interest.[2] In any initial determination terminating an investigation by settlement agreement or consent order, the administrative law judge is directed to consider and make appropriate findings regarding the effect of the proposed settlement on the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers.[3] In its motion, the parties assert that termination of this investigation

---

[2]   19 C.F.R. § 210.50(b)(2).

[3]   19 C.F.R. § 210.50(b)(2).

are in the public interest. *See* Joint Motion at 1. The Staff does not dispute this representation. *See* Staff Response at 6-7.

Based on the pleadings filed in connection with the joint motion to terminate the investigation, the undersigned finds that there is no indication that termination of this investigation based on the consent order stipulation would have an adverse impact on the public interest. In addition, the termination of an investigation as to a respondent, such as that proposed by the motion, is generally in the public interest. Having considered the pleadings of the parties and none being in opposition, the undersigned concludes that no party has provided "extraordinary circumstances" that would advise against terminating the investigation as to this respondent.

Accordingly, it is the Initial Determination that the joint motion [528-010] to terminate this investigation as to Respondent E.M.M. International B.V. be granted. This initial determination, along with supporting documentation, is hereby certified to the Commission.

Pursuant to 19 C.F.R. § 210.42(h), this Initial Determination shall become the determination of the Commission unless a party files a petition for review of the Initial Determination pursuant to 19 C.F.R. § 210.43(a), or the Commission, pursuant to 19 C.F.R. § 210.44, orders, on its own motion, a review of the Initial Determination or certain issues herein.

**SO ORDERED.**

Charles E. Bullock
Administrative Law Judge