# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, D.C.



In the Matter of

**CERTAIN FOAM MASKING TAPE**

Inv. No. 337-TA-528

## NOTICE OF ISSUANCE OF GENERAL EXCLUSION ORDER AND TERMINATION OF INVESTIGATION

AGENCY: U.S. International Trade Commission.

ACTION: Notice.

SUMMARY: Having found a violation of section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, notice is hereby given that the U.S. International Trade Commission has issued a general exclusion order and terminated the above-captioned investigation.

FOR FURTHER INFORMATION CONTACT: Timothy P. Monaghan, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 205-3095. Copies of all nonconfidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone 202-205-2000. General information concerning the Commission may be obtained by accessing its Internet server (http://www.usitc.gov). The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at http://edis.usitc.gov. Hearing-impaired persons are advised that information on the matter can be obtained by contacting the Commission's TDD terminal on 202-205-1810.

SUPPLEMENTARY INFORMATION: This patent-based section 337 investigation was instituted by the Commission based on a complaint filed by 3M Company, 3M Innovative Properties Company, and Mr. Jean Silvestre (collectively, "3M"), which was subsequently amended. 70 *Fed. Reg.* 386 (Jan. 4, 2005). The complaint, as amended, alleged a violation of section 337 of the Tariff Act of 1930 in the importation into the United States, the sale for importation and/or sale within the United States after importation, of certain foam masking tape by reason of infringement of certain claims of U.S. Patents Nos. 4,996,092 ("the '092 patent") and 5,260,097 ("the '097 patent"). The notice of investigation named 13 respondents.

On February 10, 2005, 3M filed a motion to amend the complaint and notice of investigation to add two respondents. On March 1, 2005, the administrative law judge ("ALJ")

issued an initial determination ("ID") (Order No. 14) granting the motion. No party petitioned for review. On March 29, 2005, the Commission issued a notice of its determination not to review the ID.

Between February and June of 2005, the investigation was terminated as to 14 of the 15 respondents on the basis of settlement agreements and consent orders, or based on consent orders alone. With respect to Jevtec, Ltd. – the sole respondent as to which the investigation was not terminated – 3M moved on May 17, 2005, for an order directing Jevtec to show cause why it should not be found in default for failure to respond to the amended complaint and notice of investigation. 3M also requested the issuance of an ID finding Jevtec in default if Jevtec failed to show such cause.

On May 26, 2005, 3M moved for a summary determination of a violation of section 337. On June 6, 2005, the Commission investigative attorney ("IA"), filed a response in support of the motion for summary determination.

On June 7, 2005, the ALJ issued Order No. 36, ordering Jevtec to show cause why it should not be held in default no later than June 14, 2005. Jevtec did not file a response to the order, an answer to the complaint, or a notice of appearance within the time permitted. On June 15, 2005, the ALJ issued an ID (Order No. 39) finding Jevtec in default. No party petitioned for review of the ID. On July 11, 2005, the Commission determined not to review that initial determination.

On June 21, 2005, the ALJ issued an ID (Order No. 41), granting 3M's motion for a summary determination of a violation of section 337. The ID notes that only the '097 patent is at issue in the summary determination, because the investigation has been terminated with respect to all respondents charged with infringement of the '092 patent. No party petitioned for review of the ID.

In Order No. 41, the ALJ recommended the issuance of a general exclusion order. He also recommended that the bond permitting temporary importation during the Presidential review period be set at 100 percent of the value of the infringing imported product.

On July 15, 2005, the Commission determined not to review the ALJ's summary determination that 3M has shown that there is a violation of section 337. It also issued a *Federal Register* notice, inviting written submissions on the ALJ's recommended determination on remedy and bonding as well as submissions on the public interest.

On July 25, 2005, the Commission received comments from complainant 3M and the IA. No reply submissions were received.

Having examined the relevant portions of the record, including ALJ Order No. 41, and the written submissions on remedy, the public interest and bonding, the Commission has

determined to issue a general exclusion order prohibiting unlicensed entry for consumption of foam masking tape that is covered by claims 1, 7, 8, 10, 11, 13, 14 or 16 of the '097 patent. In so doing the Commission determined that the public interest factors enumerated in section 337(d) do not preclude the issuance of the aforementioned remedial order and the bond during the Presidential review period shall be 100 percent of the entered value of the article in question. The Commission's order was delivered to the President and the United States Trade Representative on the day of its issuance.

This action is taken under the authority of section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, and sections 210.42 and 210.50 of the Commission's Rules of Practice and Procedure, 19 C.F.R. §§ 210.42 and 210.50.

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: October 31, 2005

## UNITED STATES INTERNATIONAL TRADE COMMISSION
### Washington, D.C.

| |
|---|
| In the Matter of |
| CERTAIN FOAM MASKING TAPE |

Inv. No. 337-TA-528

### GENERAL EXCLUSION ORDER

The Commission has previously determined that there is a violation of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the unlawful importation and sale of certain foam masking tape that is covered by claims 1, 7, 8, 10, 11, 13, 14 and 16 of U.S. Patent No. 5,260,097 ("the '097 patent").

Having reviewed the record in this investigation, including the written submissions of the parties, the Commission has made its determinations on the issues of remedy, the public interest, and bonding. The Commission has determined that a general exclusion from entry for consumption is supported because there is a pattern of violation of section 337 and it is difficult to identify the source of infringing products. 19 U.S.C. § 1337(d)(2). Accordingly, the Commission has determined to issue a general exclusion order prohibiting the unlicensed importation of infringing foam masking tape.

The Commission has also determined that the public interest factors enumerated in 19 U.S.C. §§ 1337(d) and (f) do not preclude the issuance of the general exclusion order, and that the bond during the period of Presidential review shall be in the amount of 100 percent of the entered value of the articles in question.

Accordingly, the Commission hereby ORDERS that:

a.   Foam masking tape that is covered by claims 1, 7, 8, 10, 11, 13, 14 or 16 of the '097 patent is excluded from entry for consumption, entry for consumption from a foreign-trade zone, and withdrawal from warehouse for consumption for the remaining term of the '097 patent, except under license of the patent owner or as provided by law.

b.   Notwithstanding paragraph 1 of this Order, the aforesaid foam masking tape is entitled to entry into the United States for consumption, entry for consumption from a foreign-trade zone, and withdrawal from warehouse for consumption, under bond in the amount of 100 percent of the entered value of such articles, pursuant to subsection (j) of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(j), and the Presidential Memorandum for the United States Trade Representative of July 21, 2005 (70 *Fed. Reg.* 43251), from the day after this Order is received by the United States Trade Representative until such time as the United States Trade Representative notifies the Commission that he approves or disapproves this action but, in any event, not later than sixty (60) days after the date of receipt of this action.

c.   In accordance with 19 U.S.C. § 1337(l), the provisions of this Order shall not apply to foam masking tape imported by and for the use of the United States, or imported for, and to be used for, the United States with the authorization or consent of the Government.

d.   The Commission may modify this Order in accordance with the procedure described in section 210.76 of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.76).

e.   The Commission Secretary shall serve copies of this Order upon each party of record in this investigation and upon the Department of Health and Human Services, the Department of Justice, the Federal Trade Commission, and U.S. Customs and Border Protection.

f.   Notice of this Order shall be published in the *Federal Register* pursuant to section 337(j)(1)(A) of the Tariff Act of 1930 as amended (19 U.S.C. § 1337(j)(1)(A)) and section 210.49(b) of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.49(b)).

2

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued:  October 31, 2005

CERTAIN FOAM MASKING TAPE                              337-TA-528

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the **NOTICE OF ISSUANCE OF GENERAL EXCLUSION ORDER AND TERMINATION OF INVESTIGATION** were served upon the Commission Investigative Attorney Steven R. Pederson, Esq., and upon all parties via first class mail and air mail October 31, 2005.

**Marilyn R. Abbott, Secretary**
**U.S. International Trade Commission**
**500 E Street, S.W.  Room 112**
**Washington, D.C. 20436**

**COUNSEL FOR COMPLAINANTS:**

Tom M. Schaumberg, Esq.
Louis S. Mastriani, Esq.
**ADDUCI, MASTRIANI & SCHAUMBERG, LLP**
1200 17th Street, N.W.
Washington, D.C. 20036

Jonathan E. Singer, Esq.
**FISH & RICHARDSON P.C., P.A.**
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Hildy Bowbeer
John A. Burtis
**3M Company**
Office of Intellectual Property Counsel
3M Center
P.O. Box 33427
St. Paul Minnesota 55133

**ON BEHALF OF INDASA U.S.A.. INC.:**

Martin B. Pavone, Esq.
**Cohen, Pontani, Lieberman & Pavane**
55 1 Fifth Avenue
New York, New York 10176