Attachment B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE 3M COMPANY, a Delaware corporation<br>3M INNOVATIVE PROPERTIES COMPANY,<br>a Delaware Corporation;<br>and Mr. JEAN SILVESTRE,<br><br>                 Plaintiffs,<br><br>    v.<br><br>Boss Auto Import, S.A.. et al.<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-1471-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT BETWEEN PLAINTIFFS AND DEFENDANT EMM INTERNATIONAL, B.V.

The parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

### FINDINGS OF FACT

1.       Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including products for the automotive aftermarket, such as foam masking tape.

2.       Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.

3.      Plaintiff Jean Silvestre ("Silvestre") is an individual living at Grand Enclos 2, 4180 Hamoir, Belgium.

4.      Defendant E.M.M. International, B.V. ("E.M.M. International") is a Netherlands corporation having its principal place of business at Marsweg 59, 8013 PE Zwolle, The Netherlands. E.M.M. International is in the business of selling automotive aftermarket products including foam masking tape.

5.      On February 26, 1991, United States Patent No. 4,996,092 ("the '092 patent") entitled "Shaped Foam" was issued to Plaintiff 3M as assignee of inventors David J. Francis and David R. Bastow. 3M subsequently assigned the '092 patent to 3M IPC, who is now the owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '092 patent.

6.      On November 9, 1993, United States Patent No. 5,260,097 ("the '097 patent") entitled "Method for Masking a Surface by Adhesive Application of an Elongated, Compressible, Windowless Cushion," was issued to Jean Silvestre, who owns all right, title and interest in the patent. 3M is the exclusive licensee of the '097 patent.

7.      Plaintiffs brought this action against E.M.M. International and others for alleged infringement of the '092 and '097 patents.

8.      E.M.M. International has made, used, imported, offered for sale and/or sold products that infringe one or more claims of the '092 patent; however, E.M.M. International denies that it acted willfully or in bad faith.

9.      E.M.M. International has made, used, imported, offered for sale and/or sold products that infringe one or more claims of the '097 patent; however, E.M.M. International denies that it acted willfully or in bad faith.

10.     Any findings of fact which is deemed to be a Conclusion of Law is hereby adopted as such.

11.     The Parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

12.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

14.     All the claims of the '092 patent are valid and enforceable with regard to any and all past, present and future foam masking tape products made, used, sold or offered for sale by EMM International, B.V. that are within the scope of protection conferred by any and all the claims of the '092 patent.

15.     All the claims of the '097 patent are valid and enforceable with regard to any and all past, present and future foam masking tape products made, used, sold or offered for sale by EMM International, B.V. that are within the scope of protection conferred by any and all the claims of the '097 patent.

16.     E.M.M. International has infringed (directly, contributorily, or by inducement) the patents in suit by its sale of foam masking tape sold under the Colad® brand, product numbers #908013 and #908019. E.M.M. International denies that such infringement was willful, and the Court makes no finding of willfulness in this Consent Judgment.

17.     The parties intend and this court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the products in

suit and other products that are no more than merely colorably different do not infringe the '092 patent.

18.     The parties intend and this court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the products in suit and other products that are no more than merely colorably different do not infringe the '097 patent

19.     This Judgment shall finally conclude and dispose of this litigation as to E.M.M. International, and shall be entitled to issue and claim preclusion effect in future litigation or Patent Office proceedings related to the '092 or '097 patent.

20      Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A.      Remedies for past infringement shall be in accordance with a Settlement Agreement made and entered into by the parties on June 30, 2006.

B.      Defendant, including its officers and directors, agents, servants, employees. attorneys, and all persons in active concert or participation with them who receive actual notice of this consent order are hereby enjoined from the sale of the Colad® Foam Masking Tape product numbers #908013 and #908019 or any other products no more than merely colorably different from the Colad® Foam Masking Tape product numbers #908013 and #908019 and any other acts that directly or indirectly infringe any claim of the '092 patent, and from causing, inducing or contributing to the infringement of that patent by others, unless and until the '092 patent expires or has been adjudicated or found invalid or

enforceable by an Article III Court of competent jurisdiction, provided such finding or judgment has become final and non reviewable.

C.  Defendant, including its officers and directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this consent order are hereby enjoined from the sale of the Colad® Foam Masking Tape product numbers #908013 and #908019 or any other products no more than merely colorably different from the Colad® Foam Masking Tape product numbers #908013 and #908019 and any other acts that directly or indirectly infringe any claim of the '097 patent, and from causing, inducing or contributing to the infringement of that patent by others, unless and until the '097 patent expires or has been adjudicated or found invalid or enforceable by an Article III Court of competent jurisdiction, provided such finding or judgment has become final and non reviewable.

D.  This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcement of the Settlement Agreement.

E.  No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

F.  This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

G.  Each party shall bear its own costs and attorney's fees.

H.  Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: _July 18 2006_      _/s/ Joseph J. Farnan Jr._
                            The Honorable Joseph J. Farnan JR
                            United States District Judge

5