CONSENT JUDGMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE 3M COMPANY, a Delaware corporation<br>3M INNOVATIVE PROPERTIES COMPANY,<br>a Delaware Corporation;<br>and Mr. JEAN SILVESTRE,<br><br>           Plaintiffs,<br><br>v.<br><br>BOSS AUTO IMPORT, S.A. *et al.*<br><br>           Defendants. | Civil Action No. 04-1471-JJF |

CONSENT JUDGMENT BETWEEN PLAINTIFFS AND
DEFENDANTS INTERTAPE POLYMER GROUP, INC., INTERTAPE POLYMER CORP., AND
IPG ADMINISTRATIVE SERVICES, INC.

The parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

FINDINGS OF FACT

1.        Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including products for the automotive aftermarket, such as foam masking tape.

2.        Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-

3427. 3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.

3. Plaintiff Jean Silvestre ("Silvestre") is an individual living at Grand Enclos 2, 4180 Hamoir, Belgium.

4. Defendant Intertape Polymer Group, Inc. is a corporation organized under the laws of Canada with its principal place of business in Canada located at 110 East Montee de Liesse, Montreal, Quebec H4T 1N4 and its principal place of business in the United States located at 3647 Cortez Road West, Bradenton, FL 34210.

5. Defendant Intertape Polymer Corp. is a corporation organized under the laws of Delaware with its principal place of business located at 3647 Cortez Road West, Suite 102, Bradenton, FL 34210.

6. Defendant IPG Administrative Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 3647 Cortez Road West, Suite 102, Bradenton, FL 34210. Intertape Polymer Group, Inc., Intertape Polymer Corp., and IPG Administrative Services, Inc. shall be referred to collectively herein as "IPG" or "Defendants"; however, this reference is for convenience only in this Consent Judgment, and shall not be construed to mean that any of these entities is the alter ego of the other.

7. On November 9, 1993, United States Patent No. 5,260,097 ("the '097 patent") entitled "Method for Masking a Surface by Adhesive Application of an Elongated, Compressible, Windowless Cushion," was issued to Jean Silvestre, who owns all right, title and interest in the patent. 3M is the exclusive licensee of the '097 patent.

8. Plaintiffs brought this action against IPG and others for alleged infringement of the '097 patent.

9. IPG has used, imported, offered for sale and/or sold products that infringe one or more claims of the '097 patent.

2

10.	Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

11.	The Parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

12.	This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.	This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

14.	All the claims of the '097 patent are valid and enforceable with regard to any and all past, present and future foam masking tape products made, used, sold or offered for sale by IPG that are within the scope of protection conferred by any and all the claims of the '097 patent.

15.	IPG has infringed (directly, contributorily, or by inducement) the '097 patent by its importation and sale of foam masking tape under the ShieldFast™ name.

16.	The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendants from contending in this action or any other proceeding that the products in suit and other products that are no more than merely colorably different do not infringe the '097 patent.

17.	This Judgment shall finally conclude and dispose of this litigation as to IPG, and shall be entitled to issue and claim preclusion effect in future litigation or Patent Office proceedings related to the '097 patent.

18.	Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

A. IPG, including its officers and directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this consent order are hereby enjoined from the sale of foam masking tape sold under the ShieldFast™ name or any other products no more than merely colorably different from the ShieldFast™ product and any other acts that directly or indirectly infringe any claim of the '097 patent, and from causing, inducing or contributing to the infringement of that patent by others, unless and until the '097 patent expires or has been adjudicated or found invalid or enforceable by an Article III Court of competent jurisdiction, provided such finding or judgment has become final and non-reviewable.

B. This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcement of the Settlement Agreement.

C. No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

D. This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

E. Each party shall bear its own costs and attorney's fees.

F. Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

IT IS SO ORDERED.

Dated: 8/2/06

_____
The Honorable Joseph J. Farnan JR.
United States District Judge