IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE 3M COMPANY, a Delaware corporation<br>3M INNOVATIVE PROPERTIES COMPANY,<br>a Delaware Corporation;<br>and Mr. JEAN SILVESTRE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BOSS AUTO IMPORT, S.A. *et al.*<br><br>　　　　　　　　　Defendants. | Civil Action No. 04-1471-JJF |

**CONSENT JUDGMENT BETWEEN PLAINTIFFS AND
DEFENDANT BOSS AUTO IMPORT, S.A.**

The parties having considered the facts and applicable law and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

**FINDINGS OF FACT**

1.　　　　Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including products for the automotive aftermarket, such as foam masking tape.

2.　　　　Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota

55133-3427. 3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.

3. Plaintiff Jean Silvestre ("Silvestre") is an individual living at Grand Enclos 2, 4180 Hamoir, Belgium.

4. Defendant Boss Auto Import, S.A. ("Boss Auto") is a corporation organized under the laws of Spain with its principal place of business located at Avenida del Valles, 28, 08440 Cardedeu, Barcelona, Spain. Boss Auto is in the business of manufacturing and selling chemical and technical products for auto body repair and maintenance, including the manufacture and sale of foam masking tape.

5. On February 26, 1991, United States Patent No. 4,996,092 ("the '092 patent") entitled "Shaped Foam" was issued to Plaintiff 3M as assignee of inventors David J. Francis and David R. Bastow. 3M subsequently assigned the '092 patent to 3M IPC, who is now the owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '092 patent.

6. On November 9, 1993, United States Patent No. 5,260,097 ("the '097 patent") entitled "Method for Masking a Surface by Adhesive Application of an Elongated, Compressible, Windowless Cushion," was issued to Jean Silvestre, who owns all right, title and interest in the patent. 3M is the exclusive licensee of the '097 patent.

7. Plaintiffs brought this action against Boss Auto and others for alleged infringement of the '092 and '097 patents.

8. Boss Auto has made, used, imported into, offered for sale and/or sold in the United States the products set forth in Attachment A that infringe one or more claims of each of the '092 and '097 patents.

9.        Any Finding of Fact which is deemed to be a Conclusion of Law is hereby adopted as such.

10.       The Parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

11.       This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.       This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

13.       All the claims of the '092 and '097 patents are valid and enforceable with regard to any and all past, present and future foam masking tape products made, used, sold, offered for sale, or imported by Boss Auto that are covered by one or more claims of the '092 and/or the '097 patents.

14.       Boss Auto has infringed (directly, contributorily, or by inducement) one or more claims of each of the '092 and '097 patents by its sale of the products set forth in Attachment A hereto. Boss Auto denies that such infringement was willful, and the Court makes no finding of willfulness in this Consent Judgment.

15.       The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the products set forth in Attachment A hereto and other products that are no more than merely colorably different do not infringe the '092 or '097 patents.

16.     This Judgment shall finally conclude and dispose of this litigation as to Boss Auto, and shall be entitled to issue and claim preclusion effect in future litigation or patent office proceedings related to the '092 or '097 patents.

17.     Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A.      Remedies for past infringement shall be in accordance with a Settlement Agreement made and entered into by the parties on 8/28, 2006.

B.      Defendant, including its officers and directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this consent order are hereby enjoined from the sale of the products set forth in Attachment A hereto, and from any other acts that directly or indirectly infringe any claim of the '092 or the '097 patents, and from causing, inducing or contributing to the infringement of those patents by others, unless and until the '092 and '097 patents expire or have been adjudicated or found invalid or unenforceable by an Article III Court of competent jurisdiction or the U.S. Patent Office, provided such finding or judgment has become final and non-reviewable by the highest Article III court with appellate jurisdiction.

C.      This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment and enforcement of the Settlement Agreement.

D.      No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

E.	This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice. The parties expressly authorize the Court to enter this Consent Judgment, intending to be bound thereby.

F.	Each party shall bear its own costs and attorney's fees in this action.

G.	Final Judgment shall be entered hereto, forthwith, without further notice to either party.

The Clerk is directed to enter this final Consent Judgment forthwith.

**IT IS SO ORDERED.**

Dated: 9/5/06

_____
The Honorable Joseph J. Farnan Jr.
United States District Judge

HEREBY STIPULATED AND AGREED TO:

        **3M COMPANY,**
        **3M INNOVATIVE PROPERTIES COMPANY, and**
        **MR. JEAN SILVESTRE**

        By their attorneys,

Dated: 8/30/06     _/s/_

        **BOSS AUTO IMPORT, S.A.**

        By its attorneys,

Dated: 8-25-06     _Roberta D. Katz_

**Attachment A to the Consent Judgment**

(1) Colad® Foam Masking Tape (13 mm) Article #908013.

(2) Colad® Foam Masking Tape (19 mm) Article #908019.

(3) Transtar® Product No. 4590 13MM (1/2") Masking Foam Tape

(4) Transtar® Product No. 4591 19MM (3/4") Masking Foam Tape

(5) Rhyno® 320587 (1/2") Foam Masking Tape

(6) Rhyno® 322789 (3/4") Foam Masking Tape

(7) Xpress Foam® XFT13

(8) Xpress Foam® XFT19